NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 25 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DROPBOX, INC., | Nos. 17-15078, 17-15526 |
| Plaintiff-Appellee, | D.C. No. 3:15-cv-01741-EMC |
| v. | |
| | MEMORANDUM* |
| THRU INC., | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted April 11, 2018**
San Francisco, California

Before: McKEOWN and WARDLAW, Circuit Judges, and KATZMANN,***
International Trade Judge.

Thru Inc. ("Thru") appeals the district court's orders granting Dropbox,

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

Inc.'s (DBX) motion for summary judgment and granting DBX's motion for attorneys' fees and costs. The district court concluded that Thru's counterclaims of trademark infringement were barred by laches, and, alternatively, held that DBX's rights to the "Dropbox" trademark were senior to Thru's. The district court also awarded DBX more than $1.7 million in attorneys' fees and $500,000 in costs, determining that Thru's litigation conduct transformed this case into an "exceptional case" that merited such an award. 15 U.S.C. § 1117(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** The district court did not abuse its discretion in concluding that laches barred Thru's counterclaims.[1] There was no genuine dispute of fact that Thru had actual and constructive knowledge of DBX's potentially infringing activity as early as June 2009. Nevertheless, Thru did not commence any action against DBX until August 2015,[2] well beyond the four-year statutory limitations period applicable to California trademark infringement disputes. *See Internet Specialties W., Inc. v. Milon-DiGiorgio Enters., Inc.*, 559 F.3d 985, 990 n.2 (9th Cir. 2009).

---

[1] We employ a "hybrid standard of review to grants of summary judgment on the basis of laches," reviewing some issues de novo, but reviewing "the application of the laches doctrine to the facts" for abuse of discretion. *Eat Right Foods Ltd. v. Whole Foods Market, Inc.*, 880 F.3d 1109, 1115 (9th Cir. 2018).

[2] Thru's belated petition for cancellation of DBX's registered trademark in February 2014 has no tolling effect here, for it was filed outside of the four-year laches period beginning in June 2009.

2

Thru argues that its tardiness is excused, but the district court correctly concluded that Thru's excuses were unreasonable. Thru claims that it was actively negotiating with DBX about the trademark rights, but Thru's communications with DBX do not rise to the level of active negotiation that we have required to excuse such delay. *Cf. Eat Right Foods*, 880 F.3d at 1117–19. Thru contacted DBX sporadically during the six-year period and did not make any proposals to DBX that would escalate the communications to active settlement negotiations. Moreover, whereas other companies timely opposed DBX's trademark application before the U.S. Patent and Trademark Office, Thru chose to sit on the sidelines and do nothing. Such delay capitalizes on the value of not only DBX's efforts to defend its mark but also other companies' efforts to challenge the mark, and it is exactly the kind of delay that we have deemed impermissible. *See Evergreen Safety Council v. RSA Network Inc.*, 697 F.3d 1221, 1227 (9th Cir. 2012). Nor does Thru prevail on its argument that DBX's successful development over the years amounted to "progressive encroachment." The undisputed evidence showed that DBX served enterprise customers since its inception, and the growth of DBX's business alone does not amount to progressive encroachment. *See Tillamook Country Smoker, Inc. v. Tillamook Cty. Creamery Ass'n*, 465 F.3d 1102, 1110 (9th Cir. 2006).

In addition to the unreasonableness of the delay, the undisputed evidence

showed that Thru prejudiced DBX's interests through the delay. DBX showed that "it has continued to build a valuable business around its trademark" during the six-year delay. *Grupo Gigante SA De CV v. Dallo & Co.*, 391 F.3d 1088, 1105 (9th Cir. 2004). It spent millions of dollars developing its services and established itself as a leader in the file-sharing industry. Such significant investment is sufficient to show prejudice. *See Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 1000 (9th Cir. 2006).

Because the undisputed evidence showed that Thru's unreasonable delay harmed DBX, the district court did not abuse its discretion in finding that laches barred Thru's counterclaims of trademark infringement. *See Eat Right Foods*, 880 F.3d at 1115.

**2.** The district court also correctly concluded, in the alternative, that DBX's rights to the trademark are senior to Thru's. DBX acquired trademark rights from non-party Officeware. Officeware first used the term "Dropbox" in January 2004, prior to Thru's alleged first use in March 2004. Officeware properly assigned its trademark rights and associated goodwill in the mark to DBX in April 2013, after years of litigation between the two companies. *See E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1289 (9th Cir. 1992). Therefore, DBX stepped into Officeware's shoes and has priority in the mark. *See Tillamook Cty. Creamery Ass'n v. Tillamook Cheese & Dairy Ass'n*, 345 F.2d 158, 161–62 (9th

4

Cir. 1965).

**3.** Lastly, the district court did not abuse its discretion in awarding DBX attorneys' fees and costs. The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a); *see also Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014) (construing the "exceptional cases" standard for the analogous attorneys' fees provision in the Patent Act). Here, Thru filed a frivolous motion to dismiss and gave inaccurate responses to discovery requests. Thru's counterclaims are also wholly lacking in merit, given the undisputed evidence that Thru tried to strategically "slow walk[]" its dispute with DBX to take advantage of DBX's initial public offering. On the basis of this conduct, the district court did not abuse its discretion in finding this case an "exceptional case" and awarding attorneys' fees and costs. *See Octane*, 134 S. Ct. at 1756 n.6.

**AFFIRMED.**